ADOLPH MEISSNER

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed November 1, 1897.*

BILLS OF EXCEPTION—*omission of documentary evidence from bill of exceptions not aided by stipulation.* Documentary evidence not copied into the bill of exceptions, nor identified or made part thereof by reference, is not preserved for review by a stipulation of the parties to the effect that as the documents already appeared in the transcript of the record they were admitted by the parties to be the proof offered and need not be copied into the bill, but might be referred to as if they had been so copied.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

THORNTON & CHANCELLOR, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This proceeding was an application filed to the June term, 1895, of the Cook county court, by the county treasurer of that county, for a judgment against and an order of sale of certain premises owned by appellant, for alleged delinquent special assessments. The appellant filed objections as follows: "Because, he says, that such special

assessment was confirmed July 15, 1891, and has never been returned to the county collector, and is therefore barred; that said return was not prevented by order of court or by injunction; that said assessment has been fully paid and settled; that no new assessment has been made; that proper notice of the application was not given; that the improvement has been made and paid for; that there is nothing due thereon." The cause was heard, the objections overruled and judgment rendered according to the prayer of the application. An appeal was perfected to this court.

It appears from the bill of exceptions the case for the appellee consisted wholly of documents produced in his behalf on the trial. None of the documents so introduced are copied into the bill of exceptions, but the bill recites it was agreed and stipulated between the parties "that as said documents already appear in the transcript of the record herein they are admitted to be the proof offered by the relator and need not be here again copied, but shall be referred to in argument precisely as if they were again here inserted at length." The documents are not otherwise referred to in the bill or made part thereof, or identified in any way. Following the ruling announced in the case of *City of Chicago* v. *South Park Comrs. (ante,* p. 387,) we must rule the bill insufficient to bring before us the evidence produced on behalf of the appellee.

The errors assigned are all directed to the question of the sufficiency of the documentary evidence offered by the appellee in support of the application for judgment. The presumption which obtains in favor of the judgment of the court below must prevail.

The judgment is affirmed.            *Judgment affirmed.*